IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRANDY LEE DUNNAVANT, as mother, sole legal custodian, and next friend of J.A.D. AND N.P.D, minor children who are now deceased,<br><br>Plaintiffs,<br><br>v.<br><br>HANSEN & ADKINS AUTO TRANSPORT, INC.; ASMAT INVESTMENTS, LLC d/b/a ASMAT EXPRESS; MAMUYE AYANE TAKELU; GEICO CASUALTY COMPANY; AMGUARD INSURANCE COMPANY; and PROGRESSIVE SPECIALTY INSURANCE COMPANY,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*  CASE NO. 2:21-cv-530-MHT-SRW<br>*<br>*  JURY TRIAL DEMANDED<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

COMES NOW Plaintiff, Brandy Lee Dunnavant, as mother, sole legal custodian, and next friend of J.A.D. and N.P.D. (deceased minors), and complains against the Defendants as follows:

### STATEMENT OF THE PARTIES

1. Plaintiff, Brandy Lee Dunnavant, is an adult resident of Alabama. Ms. Dunnavant is the mother, sole legal custodian, and next friend of her two minor sons, J.A.D. and N.P.D. Both J.A.D. and N.P.D. were killed in a June 19, 2021 motor vehicle crash caused by the Defendant(s) as further outlined below. Pursuant to *Alabama Code* §6-5-390, and *Federal Rules of Civil Procedure* Rule 17(c)(2), Ms. Dunnavant is the proper person to bring this wrongful death claim on behalf of her two minor children as their mother, sole legal custodian, and next friend.

2. Defendant Hansen & Adkins Auto Transport, Inc. ("Hansen & Adkins") is a California corporation with its principal place of business in California. Hansen & Adkins is in the business of transporting, delivering, and hauling cargo by trucks and trailers. At the time of the subject incident, Hansen & Adkins was doing business in Alabama.

3. Defendant Asmat Investments, LLC d/b/a Asmat Express ("Asmat Express") is a Georgia limited liability company with its principal place of business in Georgia. It is believed that Asmat Express is a single-member LLC with its sole member, Alebachew Ademe, a Georgia citizen. Asmat Express is in the business of transporting, delivering, and hauling cargo by trucks and trailers. At the time of the subject incident, Asmat Express was doing business in Alabama.

4. Defendant Mamuye Ayane Takelu ("Takelu") is over the age of nineteen years and is a resident citizen of Clarkson, Georgia. At the time of the subject incident, Defendant Takelu was driving the Asmat Express 18 wheeler within the line and scope of his employment with Defendant Asmat Express.

5. Defendant Geico Casualty Company ("Geico") is a foreign corporation with its principal place of business in Nebraska. At the time of the subject incident, Geico was doing business in Alabama. Geico is an insurance company that insured Plaintiffs at the time of the collision made the basis of this Complaint.

6. Defendant Amguard Insurance Company ("Amguard") is a foreign corporation with its principal place of business in Pennsylvania. At the time of the subject incident, Amguard was doing business in Alabama. Amguard is an insurance company that insured Plaintiffs at the time of the collision made the basis of this Complaint.

7. Defendant Progressive Specialty Insurance Company ("Progressive") is a foreign corporation with its principal place of business in Ohio. At the time of the subject incident,

Progressive was doing business in Alabama. Progressive is an insurance company that insured Plaintiffs at the time of the collision made the basis of this Complaint.

## STATEMENT OF JURISDICTION

8. This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 as the parties are diverse, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

9. Venue is proper in this Court because the wreck underlying this action occurred in Butler County, Alabama.

10. Defendant Hansen & Adkins had contacts with the State of Alabama, derived revenue from the State of Alabama, and was doing business in Alabama by operating their truck in Alabama at the time of this crash.

11. Defendant Asmat Express had contacts with the State of Alabama, derived revenue from the State of Alabama, and was doing business in Alabama by operating their truck in Alabama at the time of this crash.

12. Defendant Takelu had contacts with the State of Alabama, derived revenue from the State of Alabama, and was doing business in Alabama by operating the Asmat Express truck in Alabama at the time of this crash.

## FACTS

13. The above paragraphs are incorporated herein by reference.

14. On June 19, 2021, at approximately 2:20 p.m., Plaintiffs J.A.D. and N.P.D. were passengers in a van headed northbound in the left-hand lane on I-65 in Butler County, Alabama.

15. At the same time, a 2020 Volvo Truck tractor/trailer 18-wheeler owned and operated by Hansen & Adkins was traveling in the right-hand lane next to the Plaintiffs' vehicle.

3

16. Behind these vehicles, an 18-wheeler owned and operated by Asmat Express, being driven by its employee, Takelu, was also traveling northbound on I-65. At all times material, Defendant Takelu was operating the 18-wheeler under the authority of Asmat Express and under Asmat Express's DOT number.

17. Defendants Hansen & Adkins and Asmat Express's 18-wheelers were traveling "too fast for the conditions," according to the investigating officer. As a result of this tortious conduct, Hansen & Adkins's 18-wheeler rear-ended a 2020 Ford Explorer and then careened left into the Plaintiffs' van. Almost immediately after Hansen & Adkins's 18-wheeler struck the Plaintiffs' van, Asmat Express's 18-wheeler collided with the Plaintiffs' van from the rear.

18. As a result of these collisions, the vehicles caught fire.

19. As a proximate consequence of the aforesaid wrongful conduct, J.A.D. and N.P.D. were killed.

20. The above-described wreck occurred while Defendants Hansen & Adkins and Asmat Express's employees/drivers were acting within the line and scope of their agency or employment. As such, Defendants Hansen & Adkins and Asmat Express, as principals, are liable for the negligence/wantonness of their employees/drivers, as agent.

21. Prior to the subject wreck, Defendants Hansen & Adkins and Asmat Express negligently and/or wantonly hired, trained and/or supervised its drivers.

22. The wrongful conduct of Defendants Hansen & Adkins, Asmat Express, and Takelu entitles Plaintiff to a judgment for the wrongful deaths of her two minor children.

### COUNT ONE – WRONGFUL DEATH

23. The above paragraphs are incorporated herein by reference.

24. Defendants Hansen & Adkins, Asmat Express, and Takelu negligently and/or wantonly operated their vehicles by failing to comply with Alabama's Rules of the Road.

25. Defendants Hansen & Adkins, Asmat Express, and Takelu failed to maintain their vehicles at a safe and prudent speed.

26. Defendants Hansen & Adkins, Asmat Express, and Takelu were distracted and/or not maintaining a proper lookout.

27. Defendants Hansen & Adkins, Asmat Express, and Takelu were driving their 18-wheelers too fast for the conditions at the time.

28. Defendants Hansen & Adkins and Asmat Express's drivers negligently failed to comply with Code of Alabama §§ 32-5A-88 and 32-5A-170.

29. Defendants Hansen & Adkins and Asmat Express's drivers violated other rules and regulations yet to be discovered in the course of this case.

30. The Hansen & Adkins and Asmat Express vehicles were not equipped with computer-aided safety technologies such as automatic braking systems, warning systems, and other avoidance systems; as they should have been.

31. The Hansen & Adkins and Asmat Express vehicles were not properly maintained in a safe working condition.

32. As a proximate result of Defendants Hansen & Adkins, Asmat Express, and Takelu's wrongful and illegal conduct, J.A.D. and N.P.D. were wrongfully killed.

WHEREFORE, Plaintiff demands judgment against Defendants Hansen & Adkins, Asmat Express, and Takelu, both jointly and severally, for the wrongful deaths of her minor children, in an amount to be determined by a jury, plus interest and costs.

## COUNT TWO – UNINSURED/UNDERINSURED MOTORIST COVERAGE

33.     Plaintiffs adopt the allegations contained in the preceding paragraphs herein.

34.     At the times and places set forth herein above, Plaintiffs were insured under the terms and provisions of a policy or policies of insurance Defendants Geico, Amguard, and/or Progressive issued to them, which provided them with uninsured and/or underinsured motorist benefits.

35.     At the times and places set forth herein above, the parties were uninsured and/or underinsured drivers/motorists under the terms and provisions of the above-described policy or policies of insurance.

36.     At the times and places set forth herein above, the said policy or policies of insurance were in full force and effect and, under the said terms and provisions of said policy or policies, the Defendants Geico, Amguard, and/or Progressive agreed to pay all sums which Plaintiffs would be legally entitled to recover as damages from the owner or operator of any such uninsured motor vehicle because of bodily injury, including but not limited to, all actual and punitive damages.

WHEREFORE, the above premises considered, Plaintiffs demand judgment of and from the Defendants Geico, Amguard and/or Progressive for damages in an amount to be determined at trial, plus interest as allowed by law, and costs.

Respectfully submitted,

*/s/ Jack Smalley III*

JACK SMALLEY III          (SMALJ5352)
WALTON W. HICKMAN     (HICKW6532)
EARLE W. LONG, IV          (LONGE2084)
*Attorneys for Plaintiffs*

LONG & LONG, PC
3600 Springhill Memorial Drive N
Mobile, Alabama 36608
(251) 445-6000
Trip@longandlong.com
Walton@longandlong.com
Earle@longandlong.com

### PLAINTIFFS RESPECTFULLY DEMAND TRIAL BY STRUCK JURY

*/s/ Jack Smalley III*
JACK SMALLEY III
WALTON W. HICKMAN
EARLE W. LONG, IV

### DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL RETURN RECEIPT MAIL:

**HANSEN & ADKINS AUTO TRANSPORT, INC.**
c/o Corporation Service Company d/b/a CSC – Lawyers Incorporating Service
251 Little Falls Drive
Wilmington, DE 19808

**ASMAT INVESTMENT, LLC d/b/a ASMAT EXPRESS**
c/o Registered Agent Alebachew Ademe
887 N Indian Creek Drive
Suite E
Clarkston, GA 30021

**GEICO CASUALTY COMPANY**
c/o C T Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

**AMGUARD INSURANCE COMPANY**
c/o C T Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

**PROGRESSIVE SPECIALTY INSURANCE COMPANY**
c/o CT Corporation System
2 N Jackson Street, Suite 605
Montgomery, AL 36104

**DEFENDANT TO BE SERVED VIA PRIVATE PROCESS SERVER:**

**MAMUYE AYANE TAKELU**
929 Glynn Oaks Drive
Clarkston, GA 30021