IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| BRANDY LEE DUNNAVANT, as mother, sole legal custodian, and next friend of J.A.D. and N.P.D, minor children who are now deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>HANSEN & ADKINS AUTO TRANSPORT, INC.; et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br>2:21cv530-MHT<br>(WO) |

OPINION AND ORDER

The allegations of plaintiff Brandy Lee Dunnavant's complaint are insufficient to invoke this court's diversity-of-citizenship jurisdiction. The allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332.

The plaintiff's complaint fails to meet this standard because it provides the "residence" rather than the "citizenship" of plaintiff Dunnavant. An

allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

Moreover, while it appears that plaintiff brings this case on her own behalf as mother of the decedents, the court is unsure whether she also intends to bring this case as a representative of the deceased. In a suit brought by a representative, the plaintiff's citizenship is determined by the represented person's citizenship. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent."). Therefore, if plaintiff Dunnavant brings this suit as a representative, the complaint does not adequately establish the ground for this court to assume

jurisdiction of this matter because the complaint sets forth only the citizenship of the personal representative and not that of the children.[1]

Moreover, 28 U.S.C. § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which it has been incorporated and, second, of the State where it has its principal place of business. To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated and the State in which the corporation has its principal place of business. *See American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600

---

[1]. Even if she does not intend to bring suit as a representative, plaintiff may wish to plead both her own citizenship and that of the decedents out of an abundance of caution. The court does not express any opinion on which method of bringing suit would be best.

3

F.2d 15, 16 (5th Cir. 1979) (per curiam).[2] The plaintiff's complaint fails to allege sufficiently the citizenship of corporate defendants Geico Casualty Company, Amguard Insurance Company, and Progressive Specialty Insurance Company because it merely states that they are "foreign" corporations without setting forth all States in which they are incorporated. *See id.*

\*\*\*

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff Dunnavant has until September 15, 2021, to amend the complaint to allege jurisdiction sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 1st day of September, 2021.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

---

2. In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.